My name is Saad Ahmed, and I represent the petitioners in this case who are natives and citizens of the Philippines. And they seek review of the board's denial of their motion to reopen based on ineffective assistance of counsel. The board abuses discretion in denying the motion to reopen on grounds that the petitioners did not suffer any prejudice as a result of their former counsel's ineffective representation. We believe, Your Honor, that this court should reverse the board on this issue because the former counsel rendered ineffective assistance as a result of failing to file a timely asylum application. So there is a rebuttable presumption in the law that the petitioners, if they can establish plausible grounds for relief, they win. In this case, the prior counsel's ineffective representation denied the petitioners a reasonable opportunity to present their asylum claims. What evidence was there that the failure to file on time was the lawyer's fault? In this case, Your Honor, the facts in the lead petitioner's affidavit have to be, I mean, are clear that they retained counsel prior to the one-year deadline. The counsel failed to file the application during that period. We have evidence that shows, and even the judge in the case admonished the counsel for not filing the application within one year and then not even providing any explanation for the failure to do so. And it creates a rebuttable presumption. And there was a testimony from the husband that they didn't file because he wasn't sure he wanted to stay, something to that effect. Your Honor, in the application, the main petitioner, the husband, said that he was not sure whether he would be seeking asylum, but the notices to appear were issued prior to the one-year deadline, and we have clear evidence in the record that the former counsel was retained before the one-year deadline. And therefore, it was the former counsel's responsibility to make sure that he explained to the petitioners the filing requirements in this case, and he failed to do so. And we also believe in this case there were inadequacies as to the preparation of the case, the asylum application was poorly prepared, and in this case, in addition to adverse credibility, the petitioners were prejudiced because they were not able to reasonably present their case. It's their burden in an asylum claim to show that there's a well-founded fear of persecution. And in this case, they have failed to meet that burden because of that. Now, I would like the Court to look at this Court's jurisprudence. When there is a rebuttable presumption, as long as the petitioners can establish plausible grounds for relief, meaning that there is a reasonable probability that their claim could have succeeded on the merits, the petitioners satisfy the requirement for prejudice. They don't have to show that they would have prevailed. In this case, if you look at the totality of all the incidents, the surveillance, the death threats, the fact that they were harassed in the course of one year, the totality of all the incidents could plausibly have shown that they were persecuted in the Philippines on account of their political opinion. Kennedy. Should we be concerned here that even if we agree with you that there may have been some ineffectiveness of counsel, either in the failing to file a timely application or in failure to call certain witnesses or put on documentary evidence, should this Court still look at and evaluate the plausibility of the claim? Should we still look at to what extent that it would be futile to send this back to reconsider in light of ineffectiveness of counsel? Your Honor, the Court should look at that argument. However, in this case, the burden of the case is that it would be futile to have this case remanded back to the immigration judge for fact-finding, because there is plausible grounds for relief.   for relief. This is the standard that this Ninth Circuit has. Now, for example, if this case was adjudicated in the Sixth Circuit, where the standard is much higher, this would not work. I agree with you. But in the Ninth Circuit, the plausible grounds for relief standard applies. And in this case, the adverse effect of that is not the case. Kennedy, counsel, Judge Gould, if I could interject a question, please. Why is there a plausible claim if the petitioner is not credible, or stated another way? If we say or conclude there is substantial evidence to support the adverse credibility determination, then how does Mr. Valderena make out a plausible claim if he's not credible? Well, Your Honor, adverse credibility determination was tied to the ineffective assistance claim. It was tied to failure to corroborate evidence. For example, in this case, had the petitioner's spouse had been able to testify, some of those – some of the issues regarding credibility may have been addressed. So it's plausible the adverse credibility determination would have been worked out. And secondly, and more importantly, Your Honor, the ineffective assistance of counsel was not only rendered at the trial level, it was also rendered at the board. The prior counsel filed a boilerplate brief that did not meaningfully address why the judge was wrong in making that adverse credibility determination. And even if we had addressed the adverse credibility determination now, the Court would have no jurisdiction because those arguments were not exhausted. Under the exhaustion of administrative remedies, this Court can only review issues that were raised with the board. And here, the prior counsel did not actually raise even the credibility issue before the board. So even if we were to argue why the judge was wrong, that would still not satisfy the standard here. And Judge Gould, I want to point out. Excuse me? I'm sorry? He just said thank you. I was just saying thank you. Thank you, Your Honor. And I want to point out, Judge Gould, it was two of your opinions in which you had stated clearly that as long as the party can show plausible ground, meaning that there is a reasonable possibility that their asylum claim can prevail on the merits, the prejudice standard is satisfied, and in this case, we believe that those requirements are satisfied. If we agree with you, we should hold that the motion to reopen should have been granted, and that would moot the other petition for review on the underlying appeal, wouldn't it? That's correct, Your Honor. That's why we are not even addressing that in our petition for review, because it would have been futile for us to do so. Did you want to reserve your two and a half minutes? Yes, Your Honor. Thank you very much. Thank you, Mr. Rahman. Good morning. Good morning. May it please the Court, good morning. Tracy Jones appearing on behalf of the Respondent, the United States Attorney General. This Court should deny the petitions for review because, one, the petitioners did not meaningfully challenge the adverse credibility finding, and also because the motions, the Board did not abuse its discretion in denying the motions to reopen. As the petitioner just conceded, he did not, the petitioners did not raise any claims in their opening brief in regards to the adverse credibility finding. Even if they had, the adverse credibility finding was supported by substantial evidence. There were five inconsistencies in the record that the immigration judge and the Board relied on in determining that the petitioners were incredible. These inconsistencies were not just inconsistencies between the petitioner's testimony and the evidence in the record, but it was internally inconsistent during the lead petitioner's testimony. May I tell you what's nagging at me? The IJ had, you know, mentioned that there was no corroboration. Yes. Turns out the wife was sitting there in the courtroom, could have been called, the lawyer even said something like, they should hear if the government has any questions. I can't think of any good reason, especially when there's a problem with corroboration, why they wouldn't have called the wife. Well, Your Honor, the judge did ask at the hearing if the wife would be called for testifying, and the petitioner's counsel indicated that she was not. At no point in time did they even suggest that she was going to offer testimony. That's what strikes me as ineffective. I mean, they have her there. She's prepared to corroborate. They say she's got information if the government wants to ask her anything. And for no good reason, they don't call her, that I can tell. There's no evidence in the record that that was anything other than a strategic decision. What would be the strategy of that? I can't speak for what their previous counsel discussed with them. They did meet with their previous counsel two times for 30 minutes. Both lead petitioners admitted that. So who's to say that during this meeting that they decided that the wife was not going to be called to testify, especially since all the claims were based on the lead petitioner's incidents and violations? Counsel, if you focus upon the totality of the circumstances, the failure to timely file the application, the immigration judge's focus upon the failure to call the wife and present other documentary evidence, doesn't that appear to present a plausible possibility of a different outcome here? No, Your Honor. Not a different outcome, but a plausibility of the claims that are made here. No, Your Honor, because the petitioners never challenged the adverse credibility findings. So even if, let's say for the sake of argument, that the application was timely filed, they haven't overcome the adverse credibility findings. So there are no plausible grounds for relief here. Even if you consider, then, the immigration judge's own focus upon those failures? No, Your Honor, because the lead petitioner was internally inconsistent. The inconsistencies did not arise until cross-examination. So I'm not quite sure how by the petitioner's prior counsel showed any ineffective assistance of counsel. He allowed the petitioner and asked the petitioner questions to elicit the testimony required to demonstrate that to demonstrate and support his asylum claims. So the What way was he internally inconsistent? Well, the petitioner provided internal inconsistency in regards to the threatening letter that he claimed at one point in time was mailed. Then he changed his testimony and said it was presented to him in person, slid under his door. And then when later questioned about how he was internally inconsistent and how that statement was inconsistent with his declaration that was submitted in support of his asylum application, he then indicated that, oh, no, the letter was mailed. Furthermore, in regards to the fact that they did not demonstrate prejudice, in the petitioner's opening brief, they argued that they argued that they had plausible grounds for relief because the prior counsel did not investigate, develop a theory or prepare them for the case. Can I get back to the inconsistency? Is that it? Yes. He's got one instance where he says the letter was mailed to him and another instance where he said it was slid under the door and then he corrected it. Is that the totality of it? No, Your Honor. What else is there? There was actually five inconsistencies that the agency relied on. The first one, well, it wasn't actually an inconsistency, but the immigration judge, which was affirmed by the board, determined that the petitioner provided vague details in regards to the political organization that he belonged and also to the work that he did on the political campaign in 2004. The second inconsistency was in regards to the threats. The petitioner testified during the mayor's hearing that he had received threats from only men. However, in the police certification that he submitted in support of his asylum claims, it indicated that he received threats from both men and women. The third inconsistency was in regards to the number of times he was followed. During his testimony, the lead petitioner indicated that he was only followed on one single occasion. When asked if he was ever followed again outside of this one incident that he testified about, the petitioner stated that he wasn't. And the police certification indicates that he was actually followed on numerous times and on numerous occasions by unknown assailants. The fourth inconsistency was the one regarding the single letter, that exactly how he received the single threatening letter. The fifth one was the police certification omitted the fact that the petitioner had received threatening letters. Those were the five inconsistencies that the agency relied on. In this court's review for abuse of discretion here, the fact that, or maybe you disagree with what I'm about to say, the fact that there may have been an incorrect standard applied on the motion to reopen, that is a likelihood of success on the claim. Isn't that different from the correct standard of law, that it should be simply whether or not they may have presented a plausible claim for relief, as opposed to a probability or likelihood of success? Yes, Your Honor. Those are two different standards. But here the agency applied the correct standard in indicating that there was no plausible grounds for relief, even if the application was timed. But is that correct? No probable grounds or simply a may type of possibility? Well, no, Your Honor. It's the plausible grounds is the correct standard. This Court has held that in order to demonstrate prejudice, a petitioner must show that he or she has plausible grounds for relief. Here the petitioners have not shown that. There's no indication in the record that if the, that even if the petitioners did receive ineffective assistance of counsel and the timely, and an application was filed timely, that they would have been able to have grounds for relief in the case, or challenge that finding before the agency or in their opening brief to this Court. Counsel, if I could interject a question. Yes. Did the same lawyer represent petitioner in his hearings before the IJ and on his appeal to the BIA? Yes, he did, Your Honor. So now let, let me just see if I can understand this, because I'm a little uncertain on the theory. So if, if a lawyer is ineffective at the initial hearing with the IJ, doesn't bring in cooperation or whatever, and as a result of his ineffectiveness, the IJ thinks there's no credibility. And if the lawyer is ineffective and doesn't appeal that to the BIA, then, then can our Court not address that? Because, because there's going to be a, a credibility determination that was not exhausted if there was ineffective assistance at the BIA. So how do we ever get to a plausible claim in the case of ineffective assistance if it occurred at the BIA level? Well, Your Honor, to first address the first portion of your, your question. The petitioner never indicated in their opening brief to this Court that they were also challenging the findings at the BIA level. It appears that throughout the brief, the petitioners only solely relied on the inconsistency in regards to the adverse credibility finding, not to the fact that the petitioner never exhausted that, or challenged or exhausted that finding before the Board of Immigration Appeals. Furthermore, the corroboration was not the solely, was not the sole determinative of the immigration judge's adverse credibility finding. The corroboration was in conjunction with the five inconsistencies that the petitioner had between both his testimony and the evidence in the record. Ms. Jones, I see you're out of time unless Judge Gould had anything else. Judge Gould, are you? I just want to say thank you. It's very well argued on both sides. Thank you, Ms. Jones. Mr. Ahmed, you had a couple of minutes left. Thank you, Your Honor. Thank you for the compliment as well, Judge Gould. Your Honor, in this case, the issue is that ineffective assistance permeated and infected the whole claim. There's no ifs or buts about this. And the reason for that is that, as Judge Gould also indicated earlier, adverse credibility determination resulted from ineffective assistance of counsel because had documentation been given, provided testimony from other witnesses being given, there's a possibility that some of the alleged inconsistencies may have been reconciled. And in this case, that did not happen. And as far as the burden of proof is concerned, the judge said in the decision that Respondent, the Petitioners did not provide specific detailed account of what happened. If you look at the asylum application, Your Honor, it's half a page long declaration, a paragraph long, which was written by the Petitioner themselves. That does not really explain the basis of the claim. That merely shows that they had a fear of returning. They got death threats. The specific accounts was never explained, never mentioned. And as far as the police certification is concerned and some of the alleged inconsistencies that the opposing counsel just cited, those could have been explained had the Petitioner been given the opportunity to provide more evidence to support the claim. Maybe his wife could have explained. And oftentimes, Your Honor, this Court has also said that applications for asylum may not be able to provide everything. There are more details that come up at hearings. We believe that the plausible ground standard that this Court set out in various cases has been met. And we believe that this – for that reason, we believe that this case should be granted. Roberts. Thank you, Mr. Ahmed. Ms. Jones, thank you, too. The case distarted is submitted. Good morning.
judges: Lemelle, Silverman, Gould